The Honorable Sue Madison State Senator
573 Rock Cliff Road Fayetteville, Arkansas 72701-3809
Dear Senator Madison:
You have requested my opinion regarding A.C.A. § 14-42-113, which explains how and when the salary of an elected city officer can be reduced. As background for your questions you explain:
 The City of West Fork is a first class city. [Its] clerk/treasurer, who was elected in 2006, retired from the position after serving approximately two years of the four-year term. Subsequently, on July 17, 2008, the West Fork City Council passed a resolution separating the clerk/treasurer position from one position into two separate positions.
 It is my understanding that [before the joint office was separated into two offices,] the previous position of clerk/treasurer had an annual salary of approximately $48,000 a year. On August 12, 2008, the city council decided to set the clerk's salary at $2,400 a year, which is now the current salary. The current treasurer has a salary of approximately $24,000 a year.
 Upon separation and at some point in 2008, an individual was appointed to fill both roles until the election of the new city clerk. After the election, the new city clerk officially took office in January 2009. The individual previously appointed to fill both roles was moved into the role of treasurer. *Page 2 
With this background in mind, you ask four questions:
 1. In the aforementioned set of facts, does A.C.A. § 14-42-113 apply, therefore making it illegal to decrease the salary of the newly elected city clerk?
 2. Even though the previous position of city clerk/treasurer was divided into two separate positions, the current city clerk won an election and is completing the remainder of the previously vacated term. Does this make the current clerk a "successor" as defined in A.C.A. § 14-42-113(b)?
 3. The city council voted to change the salary of the clerk in August 2008. Since the newly elected clerk was completing the vacated term of the previous clerk/treasurer, when does the new salary of $2,400 take effect?
 4. The salary change for the city clerk position was done after the filing period for the November 2008 election. Does this fact affect any of the aforementioned answers?
RESPONSE
In my opinion, the answer to your first two questions is "no." As explained more fully below, section 14-42-113 implicitly provides that if a city office becomes vacant, the salary for that office cannot be reduced between the time the original officeholder vacates and the successor assumes the office. In my opinion, however, this reading of 14-42-113 presupposes that the person elected to complete the remainder of the vacated term succeeds to the office as it previously existed. As your background facts indicate, the current clerk was elected to the office of "city clerk," not the office of "clerk-treasurer," which was the prior office. Therefore, it appears that section 14-42-113 does not indicate what the salary should be for the current clerk (about which your first two questions inquire). In response to your third question, taking into account the specific scenario you describe, section 14-42-113 does not govern when the $2,400 salary takes effect because that statute presupposes the successor succeeds to the full, original office. Thus, section 14-42-113 simply does not apply in the scenario you describe. As for your fourth question, the timing of the salary change does not affect the statutory analysis reflected in the answers to your other questions. *Page 3 
DISCUSSION Question 1: In the aforementioned set of facts,does A.C.A. § 14-42-113 apply, therefore making it illegal todecrease the salary of the newly elected city clerk?
 Question 2: Even though the previous position of cityclerk/treasurer was divided into two separate positions, the currentcity clerk won an election and is completing the remainder of thepreviously vacated term. Does this make the current clerk a"successor" as defined in A.C.A. § 14-42-113(b)?
Your first two questions are essentially the same: What salary is the current city clerk entitled to under section 14-42-113? Accordingly, I will respond to these questions together.
Section 14-42-113 explains the circumstances in which a city official's salary may be reduced:
 (a) The salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.
 (b) When any city official whose salary was decreased pursuant to subsection (a) of this section leaves office prior to the expiration of his or her term, his or her successor shall receive a salary not less than the salary for the office immediately prior to its being decreased pursuant to subsection (a) of this section.
These two subsections establish three propositions. First, the officeholder's salary cannot be reduced while he or she is in that position, unless he or she specifically requests the reduction, as subsection (a) makes clear. Second, if the official has requested the reduction and vacates the position, then the official's successor must receive at least the original, higher salary, as subsection (b) makes clear. Third, if the original officeholder has not asked for a reduction and vacates the office, the salary cannot be reduced between the time when the office becomes vacant and the time it is filled with a successor. This third proposition is implied by both subsections because they require that the officeholder agree to the reduction. *Page 4 
All three propositions presuppose that the successor succeeds to the office held by original officeholder.[1] But in the scenario you describe, the current clerk did not succeed to the full office of the original officeholder. The original office was, as you say, the joint office of "clerk-treasurer." But those offices were split into two separate offices. Thus, the "clerk" did not succeed to the original office, which was that of "clerk-treasurer." Accordingly, in my opinion, the current clerk cannot use section 14-42-113 to claim she is entitled to the original $48,000 paid to the officeholder of a different office, namely the "clerk-treasurer." Therefore, section 14-42-113 does not "apply to" the scenario you describe, as your first question asks. Likewise, and for the same reasons, the current clerk is not the "successor" to the original clerk-treasurer, as your second question asks.
Question 3: The city council voted to change the salary of theclerk in August 2008. Since the newly elected clerk was completingthe vacated term of the previous clerk/treasurer, when does thenew salary of $2,400 take effect?
The presupposition stated in your third question — "Since the newly elected clerk was completing the vacated term of the previous clerk/treasurer" — is not correct, for the reasons explained above. If we ignore for the moment the specific scenario you describe, and if we assume the successor succeeds to the full office, then the new salary takes effect when the original term-of-office expired and came up for re-election. This is clear from the above analysis of section 14-42-113. In contrast, when considering the specific scenario you describe, section 14-42-113 does not apply. This is because the current clerk did not succeed to the full, original office.[2]
 Question 4: The salary change for the city clerk position wasdone after the filing period for the November 2008 election. Doesthis fact affect any of the aforementioned answers? *Page 5 
In my opinion, the answer to this question is "no." Nothing in the above analysis of section 14-42-113 depends on when the "new salary" is established.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] The scenario you describe does not present an issue of a mere reduction in job responsibilities or job description, which issue was addressed in Op. Att'y Gen. 2006-113 regarding city attorneys. Instead, your scenario is one of a change in the very nature of the office. Therefore, the analysis accompanying this note refers to the change in the nature of the elected office, not to the change in job descriptions.
[2] As the above analysis indicates, the primary reason section 14-42-113 does not apply to the scenario you describe is because the office of clerk-treasurer was split into two, separate offices. This opinion does not address any separate issue that might arise regarding the propriety of splitting those offices during the four-year term. In any case, resolving such an issue (or issues) is not dispositive of the salary related questions you ask, in my opinion.